JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-04286-MWC-SSC                                Date: September 2, 2025

Title:    Sarvenaz Mobasser v. Aston Martin Lagonda of North America, Inc. *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order GRANTING Plaintiff's motion to remand (Dkt. 11)**

Before the Court is Plaintiff Sarvenaz Mobasser's ("Plaintiff") motion to remand ("Motion"). Dkt. # 11 ("*Mot.*"). Defendant Aston Martin Lagonda of North America ("Defendant") opposed. Dkt. # 15 ("*Opp.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **GRANTS** the Motion.

I.   Background

This action arises out of Plaintiff's purchase of a 2020 Aston Martin DB11. Plaintiff brings this action under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.* ("Song-Beverly"), alleging that Defendant breached express and implied warranties and willfully failed to comply with its Song-Beverly obligations to repurchase or replace the nonconforming vehicle. *See generally* Dkt. # 1-1 ("*Compl.*"). Plaintiff filed the action on March 28, 2025, and Defendant removed the action to federal court on May 12, 2025. *See* Dkt. # 1 ("*NOR*").

II.  Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). A federal court should remand a case if at any time before final judgment it appears a removing court lacks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-04286-MWC-SSC                                                            Date: September 2, 2025

Title:       Sarvenaz Mobasser v. Aston Martin Lagonda of North America, Inc. *et al.*

subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).  Courts strictly construe the removal statute against removal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

Removal of an action may be based on either diversity or federal question jurisdiction. *See City of Chi.*, 522 U.S. at 163.  Diversity jurisdiction under 28 U.S.C. § 1332 requires that (1) all plaintiffs be citizens of different states than all defendants ("complete diversity"), and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  A person's state citizenship stems from her state of domicile, not just her state of residence. *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).  In other words, residing in a state does not necessarily make one a citizen of that state.  *See, e.g.*, *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is not an immutable condition of domicile.").  A corporation is a citizen of the state where it is incorporated and the state that constitutes its principal place of business.  *See* 28 U.S.C. § 1332(c).

When removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000.  *See Lopez v. So. Cal. Edison Co.*, No. 2:17-CV-06413-SVW-MRW, 2017 WL 4712189, at *1 (C.D. Cal. Oct. 18, 2017) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002)).  "A residential address . . . is generally insufficient to show domicile, as it usually is not evidence of a person's intention to remain or return." *Hicks v. Grimmway Enters., Inc.*, No. 22-CV-2038 JLS (DDL), 2023 WL 3319362, at *14 (S.D. Cal. May 9, 2023) (citing *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 879 (9th Cir. 2018)).  "A 'bald' assertion of domicile is not proof of domicile." *Mays v. Nurtur, LLC*, No. 2:20-cv-8335-SB-AGR, 2020 WL 6690642, at *3 (C.D. Cal. Nov. 13, 2020) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

III.    Discussion

The Court begins with a discussion of complete diversity under 28 U.S.C. § 1332.  Defendant states that it is incorporated in Connecticut and maintains its principal place of business in New York. *Mot.* 2.  Defendant also contends that Plaintiff "at the time this action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-04286-MWC-SSC                                        Date: September 2, 2025

Title:   Sarvenaz Mobasser v. Aston Martin Lagonda of North America, Inc. *et al.*

was commenced, was and still is a [resident] of the State of California and intends to remain here." *Id.* To support its assertion, Defendant submits a declaration from Nathaniel R. Cowden ("Cowden Declaration"), its attorney. *See* Dkt. # 16 ("*Cowden Decl.*"). Cowden states that "[b]ased on [his] review of the file materials in this case, Plaintiff Sarvenaz Mobasser resides in Beverly Hills, CA." *Id.* 2. Notably, the Cowden Declaration says nothing of Plaintiff's intent to remain. The only other piece of information related to Plaintiff's domicile is the address listed on the vehicle lease agreement, which shows "9120 Janice Place[,] Beverly Hills, CA 90210." Dkt. # 11-1, 2; Dkt. # 1-2, 2. Defendant also points out that "Plaintiff does not argue that Plaintiff is not domiciled in California, but merely argues that [Defendant] did not provide sufficient evidence to support Plaintiff's domicile in the removal." *Mot.* 2. On this, Defendant is correct—Plaintiff focuses its briefing on Defendant's burden under the removal statute. *Opp.* 5.

Defendant has failed to carry its burden here to show complete diversity. To show domicile (as a proxy for citizenship), Defendant needed to show not just Plaintiff's residence, but also Plaintiff's intent to remain. *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). And a residential address alone is insufficient to show domicile, since it provides no indication of intention. *See Hicks*, 2023 WL 3319362, at *14. Beyond the residential address, all Defendant has provided the Court is a bald assertion of domicile, which falls short. *See Mays*, 2020 WL 6690642, at *3 ("A 'bald' assertion of domicile is not proof of domicile.") (citation omitted). Even Defendant's own attorney does not go so far as to contend that Plaintiff is domiciled in California, only that Plaintiff resides there. *See Cowden Decl.* 2. Even though Plaintiff did not show the lack of a California domicile, the burden is on the Defendant to affirmatively show domicile. *Luther*, 533 F.3d at 1034 ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Defendant has not carried its burden of showing complete diversity—thus, removal is inappropriate.

Because the Court finds that Defendant has failed to show complete diversity, the Court will not analyze the amount in controversy. *See Simo v. Union of Needletrades, Indus. & Textile Emps. Sw. Dist. Council*, 322 F.3d 602, 610 (9th Cir. 2003) ("We . . . reach only those [arguments] necessary to our disposition of this case.").

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. The September 5, 2025, hearing is **VACATED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-04286-MWC-SSC                                              Date: September 2, 2025

Title:   Sarvenaz Mobasser v. Aston Martin Lagonda of North America, Inc. *et al.*

**IT IS SO ORDERED.**

                                                                                       :
                                                        **Initials of Preparer**   TJ